## OWENS *et al.* *v.* DAVIDSON.

GILBERT, J. 1. The petition sets up a cause of action. The accounting, as is shown by the allegations of the petition, is complicated.

2. The allegations do not set up a cause of action for an injunction. It is not alleged that either of the defendants is insolvent. The allegations do not show any reason why the sale of the collateral should be enjoined.

3. A petition will not be dismissed on general demurrer if it sets up a cause of action for any relief for which there is an appropriate prayer.

4. Where a petition alleges the making of a contract required to be in writing, without alleging whether it is in writing, it will be presumed to be in writing; and if the defendant desires explicit allegations showing whether such contract is in writing, a special demurrer should be interposed. The demurrer here is not sufficient to raise that issue.

5. The petition is not subject to the special demurrers.

6. The court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*

No. 6556. JULY 12, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. March 7, 1928.

Sidney E. Davidson sued John S. Owens, Mrs. Charles T. Nunnally, executrix of the estate of Frank C. Owens, and the Colonial Hills Company, and alleged in substance: In February, 1911, the Cobbs Land Company, owner of certain land, executed a contract with petitioner and William Allen, whereby Davidson and Allen were to take charge of said land, subdivide it into lots, improve and sell the same for a sum aggregating a named amount, by a date named in the contract; and the Cobbs Land Company was to deed to them all of the land remaining unsold and to deliver to them all uncollected notes over and above $80,000. In September, 1911, with the acquiescence of the Cobbs Land Company, Davidson and Allen transferred to John S. Owens and Frank C. Owens all of their right, title, and interest in said contract. On the same day Davidson entered into a contract with John S. Owens and Frank C. Owens, the material portion of which was as follows: "Petitioner, under the direction of said Messrs. Owens, undertook, as their employee, to render such service in the management and sale of said property as he might be required by them, agreeing to furnish and maintain at his expense an automobile for his own use, and further agreeing to devote his entire time and attention to such duties. In consideration of such services, Messrs. Owens agreed to pay Davidson a monthly salary of $200 so long as he remained in their service, and in addition thereto to pay him one third of the net profits of the venture, after deducting all expenses incident to the development and sale of said property, including the salary therein provided. It was further provided that if said Davidson should voluntarily leave the employment of said parties, or for any reason fail to perform services required of him, or be dismissed from their service for a failure to perform his duties to their entire satisfaction, in that event he should receive no part of said net profits, and from such date of leaving the services of said parties his right to the salary should cease. It was further provided that the right to any part of said net profits should arise only when the said Messrs. Owens had sold all the lands mentioned in said agreement (the contract between Cobbs Land Company and Allen and Davidson hereinbefore referred to and attached to this petition, marked Exhibit A), and then only in the event said Davidson should

remain in their employ until such time. In no event, however, should Davidson have the right to demand payment thereof until the purchase-money of all the lots should have been paid. It was agreed, however, that after the full amount of purchase-money had been paid Cobbs Land Company, together with all costs of improvements, sale, and other expenses incident thereto, the net profits should then be divided each month; it being further provided that said Davidson should have the right to examine from time to time the books and accounts of said Messrs. Owens covering this contract."

Soon thereafter the Owenses organized a corporation known as the Colonial Hill Company "for the purpose of receiving the assignment of all contracts relating to the development of said land," which said transfer was accordingly effected. The Colonial Hill Company took the transfer with full knowledge of petitioner's rights under his contract with the Owenses, and therefore subject to such rights. The contract of assignment to Colonial Hill Company, of which John S. Owens and Frank C. Owens were the sole stockholders, was fraudulent and made to avoid liability under the contract made with petitioner. The Colonial Hill Company adopted the contract made with petitioner, who performed his part thereof until all of the land, as required under the contract, had been sold, and the Colonial Hill Company received the benefits of such services with full knowledge that the same were performed under the terms of such contract; and said company represented to petitioner that it would perform the obligations of the contract of Owens et al., and would pay to petitioner compensation according to the stipulations therein. The Colonial Hill Company has fully paid all obligations to the Cobbs Land Company and is enjoying the use of more than $100,000 worth of notes and an equal value in lands as part of the profits of the venture, and has paid for all improvements. In January, 1912, petitioner executed his note to John S. Owens and Frank C. Owens, which included on its face, viz.: "Having deposited herewith as general collateral security for the payment of this note and any and all other liability direct or indirect, joint or several, of the undersigned to the payee or holder hereof, already existing or which may hereafter arise, and whether due or not due, the following property, viz.: All of my profits which now exist, or which may exist in the future, in the property known as Colonial

Hill, and all the profits which may accrue to me by the sale of lots in Colonial Hill." The loan evidenced by the note was "for money given to plaintiff as an advancement on sums which might thereafter become due to plaintiff under his contract." John S. Owens has denied the request of petitioner for a statement of profits and an accounting of his share of the profits, and denied that petitioner had any such interest, and advised that he would sell the collateral "purporting to secure" the note, unless the note was paid within ten days. Petitioner denies that such sale can be legally made, and alleges that if sold the petitioner will suffer irreparable injury. Petitioner is now entitled to a division of profits. It would be inequitable to make such sale before making an accounting. John S. Owens and Frank C. Owens agreed that any moneys that might become due to plaintiff would be applied as an offset to amounts due by plaintiff on the advancement evidenced by said note. The amount of profits to which he is entitled is greatly in excess of the amount of the note, and on account of his poverty he is unable to pay off said note and redeem the collateral in order to prevent the sale. The accounts between the parties are complicated and intricate, and adjustment necessitates the investigation of involved details, for which a court of equity is better adapted than one of law. Petitioner has no full, complete, and adequate remedy at law. The contracts, excepting one, are attached as exhibits. The prayers are for injunction against John S. Owens, Mrs. Nunnally, and the Colonial Hill Company, to prevent change of present status; for an accounting; for a decree discharging petitioner from liability on the note, and establishing the rights of the parties under the contract; and for general relief.

The defendants interposed a general demurrer on the ground that no cause of action and no ground of equitable relief was alleged; and a special demurrer on the grounds: (1) of misjoinder of parties defendant; (2) misjoinder of causes of action; (3) that the petition as amended shows that the date of the note secured by the collateral was long subsequent to the date of the contract, whereas the petition is based on an alleged agreement that the note was to be paid out of proceeds from the contract, so that a parol agreement is being sought to be added to the note, limiting its method of payment. The demurrers were overruled, and the defendants excepted.

*Mayson & Johnson,* for plaintiffs in error.
*Anderson, Rountree & Crenshaw* and *Granger Hansell,* contra.